Dennis C. O'Donnell (NY 2486587)
David M. Riley (NY-5411616)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: dennis.odonnell@us.dlapiper.com
david.riley@us.dlapiper.com

*Pro Bono Counsel to the Debtor and Debtor in Possession*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

FLUSHING BANK,

Plaintiff,

v.

1372 FRANKLIN AVENUE HOUSING DEVELOPMENT FUND CORPORATION, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, BP ELEVATOR CO. INC., "JOHN DOE NO. I" TO "JOHN DOE NO. XXX", Inclusive, the last thirty names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in the complaint,

Defendants.

-----------------------------------------------------------X

U.S. District Court Case No.

Supreme Court of the State of New York County of Bronx

Index No. 30433/2019E

1372 FRANKLIN AVENUE HOUSING DEVELOPMENT FUND CORPORATION,

Third-Party Plaintiff,

v.

10 K MANAGEMENT INC.,
H.S.C. MANAGEMENT CORP.,
JOSH KOPPEL; MERIDIAN CAPITAL GROUP, LLC; DAVID STICH, Esq; and,

THE NICOLOSI LAW FIRM d/b/a
NICOLOSI & NICOLOSI, LLP,
Third-Party Defendants.
----------------------------------------------------------------X

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>1372 FRANKLIN AVENUE HOUSING DEVELOPMENT FUND CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11879 (MEW) |

## NOTICE OF REMOVAL

1372 Franklin Avenue Housing Development Fund Corporation (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case, by and through its *pro bono* counsel, DLA Piper LLP (US), hereby files this Notice of Removal (this "Notice") pursuant to 28 U.S.C. §§ 157, 1334, and 1452, and rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and respectfully states as follows:

## BACKGROUND

1. On September 5, 2019, Flushing Bank ("Flushing Bank")[2] commenced a foreclosure action captioned *Flushing Bank v. 1372 Franklin Avenue Housing Development Fund Corporation, et al.*, Index No. 30433/2019E, in the Supreme Court of the State of New York, County of Bronx (the "State Court").

[1] The Debtor in this chapter 11 case (the "Chapter 11 Case"), along with the last four digits of its federal tax identification number, is 1372 Franklin Ave Housing Development Fund Corporation (0806). The Debtor's mailing address is 1372 Franklin Avenue, Bronx, New York 10456.

[2] Flushing Bank is now operating as a division of OceanFirst Bank N.A.

2. On December 31, 2019, the Debtor filed an answer in the State Court, with counterclaims and a third-party complaint (the "Third-Party Complaint") against 10 K Management Inc., HSC Management Corp., Josh Koppel, Meridian Capital Group LLC, David P. Stich, Esq., and The Nicolosi Law Firm d/b/a Nicolosi & Nicolosi LLP, Third-Party Index No. 43643/2019E (the "Third-Party Action").

3. The Third-Party Complaint asserts causes of action against the third-party defendants for, *inter alia*, fraud, breach of fiduciary duty, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, unjust enrichment, and malpractice.

4. On the August 6, 2026, (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtor continues to operate its business and manage its property as debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner or official committee of unsecured creditors has been appointed.

**BASIS FOR REMOVAL**

5. Pursuant to 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." *See also* Fed. R. Bankr. P. 9027.

6. Under 28 U.S.C. section 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

7. The Third-Party Action is "related to" the chapter 11 case within the meaning of section 1334(b). The outcome of the Debtor's claims against the third-party defendants will alter

the Debtor's rights, liabilities, and obligations, and could affect the administration of the bankruptcy estate and the Debtor's plan of reorganization. The claims arise from the same transaction—the Flushing Bank mortgage—that is one of the most substantial asserted claims in the chapter 11 case. Additionally, removal of the Third-Party Action to the Bankruptcy Court will promote judicial efficiency and economy and will avoid the possibility of inconsistent results between separate proceedings in different courts concerning the same underlying transactions. Accordingly, this Court has jurisdiction under § 1334(b), and removal is authorized by § 1452(a).

8. Further, the Third-Party Action constitutes a "core proceeding" within the meaning of section 157(b)(2), including, without limitation, proceedings: (1) concerning the administration of the estate; (2) for the allowance or disallowance of claims against the estate; (3) involving counterclaims by the estate against persons filing claims against the estate; and (4) affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship. 28 U.S.C. § 157(b).

9. Pursuant to the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered January 31, 2012, all cases and proceedings arising under, arising in, or related to a case under the Bankruptcy Code are referred to the bankruptcy judges of the Southern District of New York.

10. Pursuant to Bankruptcy Rule 9027(a)(1)(B), the Debtor consents to the entry of final orders or judgment by the Bankruptcy Court with respect to the Third-Party Action. In the event that any of the claims in the Third-Party Action are determined to be non-core proceedings, the Debtor consents to the entry of final orders or judgment by the Bankruptcy Court.

11. Pursuant to Rule 9027(a)(1)(C) of the Bankruptcy Rules, true and correct copies of all process and pleadings in the Third-Party Action are annexed hereto as **Exhibit A**.

## TIMELINESS

12. This Notice is timely filed. The Third-Party Action was pending in the State Court on the Petition Date. Under Rule 9027(a)(2)(A) of the Bankruptcy Rules, a notice of removal must be filed within 90 days after the order for relief in the bankruptcy case. The order for relief was entered on the Petition Date, August 6, 2026. This Notice is being filed within 90 days of the Petition Date and is therefore timely.

## NOTICE

13. Pursuant to Bankruptcy Rule 9027(b)(1), a copy of this Notice has been served upon all parties to the Third-Party Action. Under Bankruptcy Rule 9027(b)(2), a copy of this Notice has been filed with the Clerk of the Supreme Court of the State of New York, County of Bronx.

**NOW THEREFORE**, the parties to the Third-Party Action are hereby notified pursuant to Bankruptcy Rule 9027 that:

A. Removal of the Third-Party Action was made effective upon the filing of a copy of this Notice with the Clerk of the Supreme Court of the State of New York, County of Bronx, in accordance with Bankruptcy Rule 9027(c); and

B. The Third-Party Action is hereby removed from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York and referred to the United States Bankruptcy Court for the Southern District of New York.

[*Remainder of page intentionally left blank*]

Dated: October 15, 2026
New York, New York

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ David M. Riley*
Dennis C. O'Donnell (NY-2486587)
David M. Riley (NY-5411616)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: dennis.odonnell@us.dlapiper.com
david.riley@us.dlapiper.com

*Pro Bono Counsel to the Debtor and Debtor in Possession*